In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-370 CR


____________________



ELTON MACK MAXIE, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 356th District Court


Hardin County, Texas


Trial Cause No. 15,832






MEMORANDUM OPINION


 A jury convicted Elton Mack Maxie, Jr. of aggravated robbery and sentenced him
to forty years' confinement in the Texas Department of Criminal Justice, Institutional
Division. Maxie appeals raising two issues.

 In issue one, appellant argues his right to due process under the Texas Constitution
was violated when the State lost "potentially useful evidence." The record reflects the
security tape from the store could not be located at the time of trial. Still prints were made
from the tape and were included in the State's file and made available to defense counsel. 
The State informed the trial court that he and defense counsel had discussed it and agreed
that "it neither inculpates nor exculpates the defendant." Defense counsel did not disagree
with the State's assertion. Accordingly, we find the issue has not been preserved for
review. See Tex. R. App. 33.1. Issue one is overruled.

 Issue two contends the trial court erred in denying Maxie's motion to suppress his
statement to police. Maxie claims the statement was involuntary and inadmissible because
it was obtained in response to a promise. See Freeman v. State, 723 S.W.2d 727, 730
(Tex. Crim. App. 1986). Detective Sanderson testified at the hearing on motion to
suppress that no promises were made. Maxie's statement contains the declaration "I have
not been offered anything or have any promises been made to me to make this statement."
In a hearing on a motion to suppress, the trial court is the sole finder of fact and we will
not disturb the trial court's ruling where supported by the record. See Arnold v. State, 873
S.W.2d 27, 34 (Tex. Crim. App. 1993). The evidence presented at the pretrial hearing
was sufficient to support the trial court's denial of the motion to suppress. Because the
trial court did not abuse its discretion, issue two is overruled.

 The judgment of the trial court is affirmed.

 PER CURIAM

Submitted on August 25, 2003 

Opinion Delivered September 3, 2003

Do not publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.